IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA STEPHENSON, § 
§ 
Defendant Below, § No. 199, 2019
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 1212015998A&B (N)
§ 
Plaintiff Below, § 
Appellee. § 

Submitted: January 6, 2020
Decided: February 18, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Joshua Stephenson, was indicted for first-degree murder, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited ("PFBPP"), third-degree assault, and endangering the welfare of a child.  The evidence at trial showed that, on December 24, 2012, Stephenson visited the home of his sister, Ruth Ann Stephenson ("Ruth"); Ruth's six-year-old son, Myron Ashley, Jr. ("Myron Jr."); and Myron Jr.'s father, Myron Ashley, Sr. ("Ashley").  Stephenson had previously lived at the home, but

had recently moved to his grandparents' house. After talking with Stephenson for a period of time, Ruth sent Myron Jr. upstairs to take a bath. Ruth and Ashley continued to talk with Stephenson, and then Ruth went upstairs to help Myron Jr. with his bath. While Myron Jr. was in the bathtub, Ruth, who had worked a double shift that day, lay down for a moment and fell asleep. She awoke when she heard two gunshots downstairs. She ran downstairs. Myron Jr. heard a gunshot while he was in the bathtub and ran downstairs after Ruth. Ruth saw Ashley lying on the floor in the living room, in front of the sofa. Stephenson was sitting on the smaller love seat. Ruth yelled at Stephenson "what did you do?" and grabbed at him. He punched her in the face and quickly left the house.

(2)     Officers arrested Stephenson several hours later in the basement of his grandparents' home. They also found a leather jacket with Ashley's blood on it, along with other clothing items that Stephenson had been wearing at Ruth's house that night.

(3)     Ashley's death was caused by two gunshot wounds—one of which went through his left arm, and one of which entered and exited his right arm and then entered and exited his torso. When investigating the scene of the shooting, police officers found a gun on the loveseat and four spent shell casings and a bullet in various areas of the living room. They also found two gunshot holes in the sofa and corresponding holes in the wall behind the sofa and in the floor under the sofa.

2

They were unable to locate those two bullets or any bullet or hole that corresponded to the fourth shell casing. The gun had Stephenson's DNA on it, as well as the DNA of at least two other, unidentified individuals. Ballistics testing revealed that the shell casings had been fired from the gun that was found on the loveseat. Swabs that were taken of Stephenson's hands after his arrest tested positive for gunshot residue.

(4) Stephenson had a long history of mental health issues. After his arrest, the Court of Common Pleas ordered a competency evaluation. Three mental health professionals, including a psychiatrist retained by the defense, opined in five different reports that he was competent to stand trial.

(5) At trial, defense counsel attempted to establish that Stephenson shot Ashley in self-defense. Counsel elicited testimony from various witnesses in an attempt to establish that Stephenson and Ashley had struggled that night and that Stephenson had not gone to the home with any intent to do any harm. But she advised Stephenson against testifying because (i) based on the evidence at trial, counsel believed there was a good chance that the jury might return a lesser-included offense verdict (which did, in fact, occur), and (ii) counsel was concerned about cross-examination concerning inconsistent statements regarding the incident that Stephenson had made to one of the examining mental health professionals.[1]

---

[1] Appendix to Appellant's Opening Brief, at A-270. In both versions, Stephenson indicated that he acted in self-defense, but the details varied, and counsel believed that cross-examination on these points might reduce the chance of obtaining a lesser-included offense verdict. *Id.*

3

Stephenson also had a history of prior violent felonies, which could have been disclosed to the jury if he testified.[2]  Stephenson did not take the stand.

(6)     On January 13, 2015, following a six-day trial, a jury found Stephenson guilty of PFDCF, endangering the welfare of a child, and second-degree murder, as a lesser-included offense of first-degree murder; the jury found Stephenson not guilty of offensive touching.[3]  The Superior Court found Stephenson guilty of PFBPP in a separate bench trial.  On June 17, 2015, the Superior Court sentenced Stephenson to life imprisonment, plus a term of years.

(7)     On direct appeal, Stephenson's counsel argued that the Superior Court erred by denying Stephenson's request for a self-defense jury instruction and by excluding the testimony of psychiatrist Dr. Susan Rushing to show that Stephenson's psychiatric symptoms might have affected his perceptions of danger on the night of the shooting, supporting a claim of self-defense.  This Court affirmed the judgment of the Superior Court.[4]

(8)     Stephenson then filed a *pro se* motion for postconviction relief, in which he asserted nine grounds for postconviction relief.  The Superior Court

---

[2] *Id.* at A-265.

[3] After hearing the evidence at trial, the court submitted the charge of third-degree assault to the jury as the lesser-included offense of offensive touching.

[4] *Stephenson v. State*, 2016 WL 3568170 (Del. June 22, 2016) (affirming on the basis of the Superior Court's memorandum opinion in *State v. Stephenson*, 2014 WL 2891626 (Del. Super. Ct. June 20, 2014)).

ordered the appointment of postconviction counsel. After reviewing the record, postconviction counsel filed an amended motion, asserting one of Stephenson's *pro se* claims as grounds for postconviction relief. Specifically, postconviction counsel argued that trial counsel provided ineffective assistance of counsel by advising Stephenson against testifying, even after it became clear that the Superior Court would not permit Dr. Rushing's testimony unless Stephenson testified. The Superior Court also permitted Stephenson to supplement his counsel's briefing with two *pro se* claims, which Stephenson has not raised in this appeal. After considering the parties' briefing and the affidavits submitted by trial counsel to address the ineffective assistance of counsel claims, the Superior Court denied the motion for postconviction relief. Stephenson has appealed.

(9) On appeal, Stephenson's counsel has filed a brief and motion to withdraw under Supreme Court Rule 26(c). Stephenson's counsel asserts that, based upon a conscientious review of the record and the law, no arguably appealable issues exist. Counsel informed Stephenson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Stephenson of his right to supplement counsel's brief by stating in writing any points he would like the Court to consider. Stephenson has raised one point for the Court's consideration. The State has responded to the Rule 26(c) brief

and to the issue raised by Stephenson, and argues that the Superior Court's judgment should be affirmed.

(10)   Our review in this appeal is twofold:  (i) the Court must be satisfied that postconviction counsel has made a conscientious examination of the record and the law for arguable claims;[5] and (ii) the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[6]

(11)   Stephenson argues on appeal that his trial counsel was ineffective because she advised Stephenson against testifying.  He suggests that his testimony regarding self-defense, supported by testimony by Dr. Rushing regarding the effect of his psychiatric conditions on his perceptions, would have outweighed the likely introduction of his criminal record and cross-examination regarding the inconsistent statements that he made to Dr. Rushing.

(12)   In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) defense counsel's performance fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for the deficient performance the result of the proceeding would have been

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[6] *Penson*, 488 U.S. at 81.

6

different.[7]  The appellant must state and substantiate concrete allegations of actual prejudice.[8]  The appellant must also overcome a strong presumption that counsel's performance was professionally reasonable.[9]

(13)  Stephenson's claim does not overcome the strong presumption that counsel's performance was professionally reasonable and that it was consistent with "sound trial strategy."[10]  Counsel was in the difficult position of balancing the potential benefit of Stephenson's testimony—explaining his version of the events that occurred on the night Ashley died—against the risks of cross-examination, the introduction of Stephenson's criminal history, and the potential loss of a lesser-included offense verdict.  Counsel's advice not to testify was not objectively unreasonable, nor was it inconsistent with sound trial strategy.[11]  The record reflects that trial counsel consulted with Stephenson multiple times about the issue, and that Stephenson ultimately made the decision not to testify, as reflected in the colloquy with the Superior Court.[12]

---

[7] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[8] *Peters v. State*, 2015 WL1280628, at *2 (Del. Mar. 20, 2015) (*citing Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).

[9] *Id.*; *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[10] *Strickland*, 466 U.S. at 689.

[11] *Cf. Flamer v. State*, 585 A.2d 736, 755 (Del. 1990) (rejecting claim that counsel was ineffective for advising client to testify at trial); *Allen v. State*, 1986 WL 17122 (Del. July 1, 1986) (holding that defense counsel's advice to testify that intercourse was consensual, and therefore admit penetration, was not unreasonable and was a reasonable tactical decision).

[12] *See generally Taylor v. State*, 28 A.3d 399, 406 (Del. 2011) ("A criminal defendant has ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." (internal quotations omitted)).

(14) Moreover, contrary to Stephenson's claim, it is not clear that if Stephenson had testified, the Superior Court would have permitted Dr. Rushing to testify to show how a defendant with Stephenson's psychiatric conditions might have perceived events on the night of the shooting. The Superior Court excluded Dr. Rushing's testimony on the grounds that "[t]here is nothing in Dr. Rushing's report addressing how Defendant perceived events on December 24 and therefore her testimony will not assist the trier of fact on this issue. Indeed, Dr. Rushing seemingly disavows any attempt to relate Defendant's mental condition to his perception of those events—she states in her report that 'if Mr. [Stephenson] presents a defense of self-defense at trial, [his] mental illness is unlikely to be relevant to such a defense.'"[13]

(15) This Court has carefully reviewed the record and concluded that Stephenson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Stephenson could not raise a meritorious claim on appeal.

---

[13] *Stephenson*, 2014 WL 2891626, at *4 (certain alterations omitted), *aff'd*, *Stephenson v. State*, 2016 WL 3568170 (Del. June 22, 2016).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice